UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOLZER,               ) | |
|                         ) | |
|           Plaintiff,     ) | |
|                         ) | |
|          v.             ) | Civ. A. No. 21-2149 (FYP) |
|                         ) | |
| TRANSPORTATION SECURITY   ) | |
| ADMINISTRATION, et al.,     ) | |
|                         ) | |
|         Defendants.    ) | |
|                         ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Transportation Security Administration ("TSA") and U.S. Defense Counterintelligence and Security Agency ("DCSA"), by and through undersigned counsel, hereby answer Plaintiff's First Amended Complaint ("Complaint") as follows:

## DEFENSES

Defendants assert the following defenses. Defendants reserve the right to amend, alter and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation. In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### First Defense

Plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction.

### Second Defense

To the extent the First Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff cannot prevail.

### Third Defense

No act or failure to act by Defendants or any agency or employee of Defendants was a legal cause of any loss or damage to plaintiff.

### Fourth Defense

Plaintiff has failed to mitigate his damages.

### DEFENDANTS' RESPONSES TO NUMBERED PARAGRAPHS

Defendants deny each and every allegation contained in the Complaint not expressly admitted in this Answer.  Defendants respectfully request and reserve the right to amend, alter, and supplement their responses as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

In response to the specifically enumerated paragraphs as set forth in the Complaint, Defendants admit, deny, and otherwise aver as follows:

### Jurisdiction

1.      The allegations in paragraph 1 are not statements of fact to which an answer is required.

### Venue

2.      The allegations in paragraph 1 are not statements of fact to which an answer is required.

### Parties

3.      Defendants admit that Plaintiff is a United States citizen.  Defendant TSA admits that Plaintiff separated from federal service with TSA on August 16, 2019.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 3, and on that basis deny the remaining allegations.

4.      Paragraph 4 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant TSA admits the allegations in the first sentence and denies the allegations in the second sentence.  Defendant DCSA lacks knowledge or information sufficient to respond to the allegations in this paragraph.

5.      Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant DCSA admits the allegations in the first sentence and denies the allegations in the second sentence.  Defendant TSA lacks knowledge or information sufficient to respond to the allegations in this paragraph.

## **Facts**

6.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 6, and on that basis deny the allegations.  Defendant TSA further states that Special Agent Williams is no longer employed by TSA.

7.      Defendant TSA admits that TSA initiated a federal periodic reinvestigation of Plaintiff in January 2019.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 7, and on that basis deny any remaining allegations not specifically admitted by Defendant TSA.

8.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 8, and on that basis denies the allegations.

9.      Defendant DCSA denies the allegations in the second sentence of paragraph 9.  Defendant TSA lacks knowledge or information sufficient to respond to the allegations in the second sentence of paragraph 9.  In addition, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9.

10.     Defendant DCSA admits the allegations in the first sentence of paragraph 10.  Defendant DCSA denies the allegations in the second and third sentence.  Defendant DCSA

specifically denies the allegation that Plaintiff brought it to the attention of Special Agent Lopez on or about August 8, 2019, that he was planning to voluntarily separate from TSA the following week.  Defendant DCSA further states that Plaintiff first informed Special Agent Lopez that he had separated from TSA on August 16, 2019, at an interview on October 8, 2019.  Defendant DCSA lacks sufficient knowledge or information to admit or deny the allegations in the fourth and fifth sentences of paragraph 10.  In further response to the allegations in the fifth sentence, Defendant DCSA states that Plaintiff advised Special Agent Lopez on August 8, 2019, that he could not meet on August 9, 2019, because of work-related matters.  Plaintiff asked to meet with Special Agent Lopez on either August 20 or 21.  Special Agent Lopez advised Plaintiff that he did not have availability to meet with him on those dates.  Defendant TSA lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11.     Defendant TSA admits that Williams sent an email on August 16, 2019, that included the quotation referenced in paragraph 11.  As a further response, Defendant TSA respectfully refers the Court to Mr. Williams' August 16, 2019, email, for a full and accurate statement of its contents.  Defendant TSA denies any remaining allegations.  Defendant DCSA lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12.     Defendant TSA admits that John Busch sent an email on August 16, 2019, that included the quotations referenced in paragraph 12, except for the alterations in brackets.  Defendant respectfully refers the Court to Mr. Busch's August 16, 2019, email, for a full and accurate statement of its contents.  Defendant TSA denies any remaining allegations.  Defendant DCSA lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12.

13.     Defendant TSA admits that on August 27, 2019, an email was sent from an employee of the National Background Investigations Bureau ("NBIB") to Plaintiff, copying the PerSec Special Actions email account, about the suspension notice and extension of response deadline.  Defendants respectfully refer to that email for a full and accurate for a full and accurate statement of its contents.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 13, and on that basis denies those not specifically admitted by Defendant TSA.

14.     Defendant TSA admits the allegations in paragraph 14.  Defendant DCSA lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14.

15.     Defendant TSA denies the allegations in paragraph 15.  Defendant DCSA lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15.

16.     Defendant TSA denies the allegations in paragraph 16.  Defendant DCSA lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16.

17.     The first sentence of paragraph 17 states a legal conclusion to which no response is required.  In response to the remaining allegations, Defendant TSA admits only that TSA PerSec has authority to investigate once an employee occupies a national security sensitive position or requires eligibility for access to classified information.  Defendants deny the remaining allegations of paragraph 17.

18.     In response to the allegations in the first sentence of paragraph 18, Defendant TSA admits only that the background investigation process was closed on March 6, 2020. Defendant TSA lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 18.  In response to the remaining allegations, Defendant DCSA admits only that Special Agent Lopez interviewed the supervisor at Plaintiff's private employer as part

of the background investigation in early July 2019.  That same supervisor later reached out to Special Agent Lopez on September 25, 2019, to make further inquiries about the background investigation.  Defendant DCSA denies that Special Agent Lopez initiated that contact and further denies that Lopez disclosed to the supervisor any personal information concerning Plaintiff, except for the fact that he was under a background investigation for a security clearance.  The supervisor was advised that, in accordance with investigator policy, Mr. Holzer's position could not be revealed.  Additionally, investigators requested Plaintiff's personnel records from his private employer in July 2019 and again in October 2019.  Defendants deny the remaining allegations in paragraph 18.

19.     Defendants deny the allegations in the first sentence of paragraph 19.  Defendants admit that an email was sent from an NBIB email address dated September 19, 2019.  The author of the email wrote that he or she had spoken with somebody at "OGC" who "has given us the thumbs up to proceed with the case."  Defendants respectfully refer to the September 19, 2019, email for a full and accurate statement of its contents.[1]  Defendants deny the remaining allegations.

20.     The allegations in paragraph 20 state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

21.     Defendants admit the allegations in the first sentence of paragraph 21. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence.

---

[1]     A copy of this email was produced by DCSA in redacted form in response to a FOIA request.  The name of the sender of the email and the individuals referenced in the email, including the name of the attorney consulted within OGC, were redacted.

22.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 22.  In response to the allegations in the second sentence, Defendant TSA admits that TSA had decided to prepare a Law Enforcement Officer's Safety Act ("LEOSA") credential for presentation to Plaintiff, which decision was reversed on August 16, 2019.  Defendants deny the remaining allegations in paragraph 22.

## COUNT ONE

## (APA/DECLARATORY JUDGMENT/PRIVACY ACT

## (Failure to Maintain – 5 U.S.C. § 552a(e)(1))

23.     Defendants incorporate by reference their responses to paragraphs 6 through 22 above as if fully stated herein.

24.     Paragraph 24 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

25.     Paragraph 25 sets forth Plaintiff's legal conclusions to which no response is required.

26.     Paragraph 26 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

27.     Paragraph 27 sets forth Plaintiff's legal conclusions to which no response is required.

28.     Paragraph 28 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## COUNT TWO

## (APA/DECLARATORY JUDGMENT/PRIVACY ACT)

## (Failure to Collect – 5 U.S.C. § 552a(e)(2))

29.      Defendants incorporate by reference their responses to paragraphs 6 through 22 above as if fully stated herein.

30.      Paragraph 30 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

31.      Paragraph 31 sets forth Plaintiff's legal conclusions to which no response is required.

32.      Denied.

33.      Paragraph 33 sets forth Plaintiff's legal conclusions to which no response is required.

34.      Denied.

## COUNT THREE

## (APA/DECLARATORY JUDGMENT/PRIVACY ACT)

## (Failure to Maintain – 5 U.S.C. § 552a(e)(5)

35.      Defendants incorporate by reference their responses to paragraphs 6 through 22 above as if fully stated herein.

36.      Paragraph 36 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

37.      Paragraph 37 sets forth Plaintiff's legal conclusions to which no response is required.

38.      Denied.

39.      Denied.

40.     Denied.

## COUNT FOUR

## (APA/DECLARATORY JUDGMENT/PRIVACY ACT)

## (Unauthorized Disclosure – 5 U.S.C. § 552a(b), (e)(6)

41.     Defendants incorporate by reference their responses to paragraphs 6 through 22 above as if fully stated herein.

42.     Paragraph 42 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

43.     Paragraph 43 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNT FIVE

## APA/FIFTH AMENDMENT – DUE PROCESS

47.     Defendants incorporate by reference their responses to paragraphs 6 through 22 above as if fully stated herein.

48.     Admitted.

49.     Denied.

50.     Paragraph 50 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

51.     Paragraph 51 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

52.     Denied.

53.     Paragraph 53 sets forth Plaintiff's legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## **Request for Relief**

The remainder of the Complaint contains Plaintiff's requests for relief to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

Dated: August 23, 2022
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Daniel P. Schaefer* _____
      DANIEL P. SCHAEFER, D.C. Bar # 996871
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2531
      Daniel.Schaefer@usdoj.gov

*Counsel for Defendants*