UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOLZER,<br><br>*Plaintiff,*<br><br>v.<br><br>TRANSPORATION SECURITY ADMINISTRATION *et al.,*<br><br>*Defendants*. | Civil Action No. 21-2149 (FYP) |

## JOINT MEET AND CONFER REPORT

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(f)(1), Local Civil Rule 16.3, and the Court's Order dated August 25, 2022 (Dkt. 21), the Parties have conferred and submit the following joint meet and confer report. The Parties' joint report includes a joint statement of the case and where needed the Parties' respective positions on the matters discussed at the Parties' Rule 26(f) conference.

### Joint Statement of the Case

Plaintiff Joshua Holzer brings this action against Defendants Transportation Security Administration ("TSA") and U.S. Defense Counterintelligence and Security Agency ("DCSA") under the Privacy Act, 5 U.S.C. § 552a, et seq., the Administrative Procedure Act, 5 U.S.C. § 701, et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Fifth Amendment to the U.S. Constitution. Plaintiff claims that Defendants conducted a security clearance background investigation of Plaintiff that led to a procedurally improper suspension of his security clearance and continued after he left federal service. Additionally, Plaintiff further claims that as a result of the improper continuation of the background investigation, which included unlawful disclosures to non-governmental third Parties, Defendants created documents that are now

improperly maintained in his Privacy Act systems of records.  Plaintiff requests declaratory relief, injunctive relief, monetary demages in an amount no less than $1,000, attorneys' fees and costs, and other relief.  First Amended Complaint (filed July 12, 2022)(Dkt. 17).

In their Answer (filed August 23, 2022) (Dkt. 20), Defendants admit the factual allegations in part and deny the allegations in part.  Defendants deny the claims in Counts One through Five of the Amended Complaint and deny that Plaintiff is entitled to the requested relief.

### The Parties' Detailed Discovery Plan as Described in Rule 26(f)(3):

*Discovery Plan.*  A discovery plan must state the Parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

Joint Proposal:  No changes are offered.  The Parties propose that Rule 26(a) disclosures be made within 45 days after Defendant files an Answer to Plaintiff's Second Amended Complaint.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Joint Proposal: See (8) below for proposed discovery schedule.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Joint Proposal: The Parties will strive to produce all responsive, non-exempt discovery materials via electronic means.

    (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

Joint Proposal: N/A

    (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

Joint Proposal: N/A

    (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Joint Proposal: N/A

**Matters Discussed By the Parties Pursuant to Local Civil Rule 16.3(c):**

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties should recommend to the court that discovery or other matters should await a decision on the motion.

Joint Proposal: The Parties agree that discovery should be completed prior to the filing of any further dispositive motions, although it is likely at a later stage the case can be disposed of by dispositive motion.

2. The date by which any other Parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

Plaintiff's Position: Within 21 days the Plaintiff intends to file a Motion for Leave to File a Second Amended Complaint to add additional and directly related Privacy Act claims that were referenced in Paragraph 21 of his First Amended Complaint and have now been administratively exhausted.  Plaintiff has no objection to the Defendants' having a reasonable opportunity to review and respond to the forthcoming Motion for Leave to File and the proposed Second Amended Complaint.  A new, but related, Privacy Act claim will be added to compel the expungment of certain records from within the Plaintiff's system of records maintained by the

3

Defendants. Additionally, the Department of Homeland Security, which is Defendant TSA's parent entity, will be included as a named Defendant for purposes of this new claim. Because this new claim will be incredibly straightforward, Plaintiff does not believe the Defendants require any longer than the fourteen (14) day period to answer an Amended Complaint as set forth by Rule 15(a)(3). Finally, Plaintiff has no objection to the commencement of the discovery period beginning from the date the Defendants file their Answer.

    Defendants' Position: Defendants request a reasonable opportunity to review and respond to Plaintiff's anticipated motion for leave and proposed second amended complaint. Defendants are unable to take a position on a motion for leave or proposed amended complaint that Defendants have not had an opportunity to review plaintiff's planned motion for leave or proposed Second Amended Complaint as of this filing. Should the Court grant Plaintiff leave to file a second amended complaint, Defendants request that they be permitted 30 days to file an Answer or otherwise respond. Further, any commencement of discovery in this matter should be deferred until after Defendant files an Answer to any Second Amended Complaint that is accepted for fiing by the Court.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

    Plaintiff's Position: The Plaintiff does not consent to the case being assigned to a magistrate judge.

    Defendants' Position: Defendants consent to the assignment of this case to a magistrate judge for all purposes, including trial.

4. Whether there is a realistic possibility of settling the case.

<u>Joint Statement</u>:  The Parties' earlier attempts to resolve this matter failed and they do not see a realistic possibility of settling the case at this time.  The Parties will of course continue to evaluate their respective cases for settlement purposes as the case proceeds.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

<u>Joint Statement</u>: The Parties do not believe that this case would benefit from mediation or ADR procedures at the present time.  If the Parties jointly conclude that it will be beneficial to stay discovery so that the matter can instead be referred to mediation, either with the Circuit's Mediation Program or with a Magistrate Judge, the Parties will file a joint request with the Court.  The Parties' counsel have discussed ADR and their response to this provision with their respective clients.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

<u>Joint Statement</u>: The Parties agree that discovery should occur prior to the filing of any further dispositive motions, although it is likely at a later stage the case can be disposed of by dispositive motion.

7. Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Joint Statement: The Parties do not wish to dispense with initial disclosures. As noted above, the Parties propose that Rule 26(a) disclosures be made within 45 days after Defendant files an Answer to Plaintiff's Second Amended Complaint.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiff's Position:

Initial Disclosures: 45 days

Motion to Add Parties or Amend Pleadings: 21 days

Deadline for Post-R. 26(a) Discovery Requests: N/A

Proponent's R. 26(a)(2) Statements: N/A

Opponent's R. 26(a)(2) Statements: N/A

All discovery closed: 150 days

Limits on number of interrogatories/document production requests per party: 25

Limits on number of depositions per side: 10

Defendants' Position: Defendant requests that the number of depositions be limited to five (5) per side, excluding experts; and that the number of interrogatories, requests for admissions, and document requests each be limited to twenty-five (25) per side, unless the Parties agree to a different limit or the Court orders otherwise. Defendants do not object to Plaintiff's proposal that discovery last for 150 days, but as noted above it is the Parties' position that discovery should not commence until after Defendants file an Answer to Plaintiff's proposed Second Amended Complaint if the Court grants Plaintiff leave to file. Defendants further notes that discovery in this matter may implicate material that is classified or otherwise sensitive

national security material or which is privileged or protected from disclosure. If the need for a protective order arises at any time, the Parties will confer and file a joint motion and proposed stipulated protective order for the Court's review.

9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

    <u>Joint Statement</u>:  None at this time.

10. Any issues about claims of privilege or of protection as trial-preparation materials, including- if the Parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

    <u>Joint Statement</u>:  None at this time.

11. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

    <u>Joint Statement</u>:  At this time it is not envisioned that expert witnesses will be relied

upon.

12. In class actions, appropriate procedures for dealing with Rule 23.

    <u>Joint Statement</u>: The Parties agree that the rule regarding class actions does not apply to

this case.

13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

    <u>Joint Statement</u>: The Parties do not anticipate the need to bifurcate discovery or trial.

14. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Joint Statement: The Parties agree that the setting of firm pre-trial dates is premature. The Parties propose that a date for a pretrial conference not be scheduled until after the Court renders a decision on any dispositive motion that either party may file following the close of discovery.

15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set the pretrial conference from 30 to 60 days after that conference.

Joint Statement: The Parties agree that the setting of firm pre-trial dates is premature. The Parties propose that a trial date be set at the pretrial conference.

16. Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

Rule 26(b)(2)(B) shall govern the limitations on discovery of electronically stored information.  The Parties' respective proposed scheduling orders are attached.

| | |
|---|---|
| Dated:  September 21, 2022<br>           Washington, DC<br><br>*s/Mark S. Zaid*<br><br>Mark S. Zaid, Esq.<br>D.C. Bar #440532<br>Mark S. Zaid, P.C.<br>1250 Connecticut Ave., N.W.<br>Suite 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br><br>*Counsel for Plaintiff* | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar. #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By: *s/Daniel P. Schaefer*<br>     DANIEL P. SCHAEFER, D.C. Bar # 996871<br>     Assistant United States Attorney<br>     601 D Street, NW<br>     Washington, DC 20530<br>     (202) 252-2531<br>     Daniel.Schaefer@usdoj.gov<br><br>*Counsel for Defendants* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSHUA HOLZER,

      *Plaintiff,*

  v.

TRANSPORATION SECURITY
ADMINISTRATION *et al.,*

      *Defendants*.

Civil Action No. 21-2149 (FYP)

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

Upon consideration of the Parties' Joint Meet and Confer Report, and the entire record herein, it is this _____ day of September 2022, hereby,

ORDERED, that Plaintiff shall file a Motion for Leave to file a Second Amended Complaint on or before September 28, 2022. Should a response to Plaintiff's motion for leave be required, Defendants' response shall be due on or before October 12, 2022. Any reply in support of Plaintiff's Motion for Leave shall be due on or before October 19, 2022; and

FURTHER ORDERED, that upon the acceptance or rejection of Plaintiff's Second Amended Complaint, the following discovery schedule is set:

    Initial Disclosures: 45 days

    Deadline for Post-R. 26(a) Discovery Requests: N/A

    Proponent's R. 26(a)(2) Statements: N/A

    Opponent's R. 26(a)(2) Statements: N/A

    All discovery closed: 150 days

Limits on number of interrogatories/document production requests per party: 25

Limits on number of depositions per side: 10

                                                                    JUDGE FLORENCE Y. PAN
                                                                    U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOLZER, <br><br> *Plaintiff,* <br><br> v. <br><br> TRANSPORATION SECURITY ADMINISTRATION *et al.,* <br><br> *Defendants*. | Civil Action No. 21-2149 (FYP) |

## **[DEFENDANTS' PROPOSED] SCHEDULING ORDER**

Upon consideration of the Parties' joint meet and confer report, Plaintiff shall file a motion for leave to file a second amended complaint on or before September 28, 2022. Should a response to Plaintiff's motion for leave be required, Defendants' response shall be due on or before October 12, 2022. Any reply in support of Plaintiff's motion for leave shall be due on or before October 19, 2022. In light of Plaintiff's planned motion for leave to file a second amended complaint, the Court will defer establishing a schedule for further proceedings at this time.

Date: _____

_____
JUDGE FLORENCE Y. PAN
U.S. District Judge