# EXHIBIT "3"



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSHUA HOLZER *
Plaintiff, *
v. *

TRANSPORTATION SECURITY ADMINISTRATION *
601 12th St South *
Arlington, Virginia 20598 *
and * Civil Action No. 21-2149
DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY *
27130 Telegraph Road *
Quantico, Virginia 22134-2253 *
and *
DEPARTMENT OF HOMELAND SECURITY *
STOP-0655 *
245 Murray Lane, S.W. *
Washington, D.C. 20528-0655 *
Defendants. *

* * * * * * * * * * * *

Deleted: Civil Action No. 21-2149 (FYP)

Deleted: TRANSPORTATION SECURITY * ADMINISTRATION et al. *

**SECOND AMENDED COMPLAINT**

Deleted: FIRST

This is an action under the Privacy Act ("PA"), 5 U.S.C. § 552a, et seq., as amended, the Administrative Procedure Act, 5 U.S.C. § 701, et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Fifth Amendment to the U.S. Constitution to challenge Defendants' actions that harmed the Plaintiff and obtain appropriate relief.

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action, as well as personal jurisdiction over the Defendants pursuant to 5 U.S.C. § 552a(g)(1)(C), (D), 702 and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552a(g)(5), 5 U.S.C. § 703 and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff Joshua Holzer ("Mr. Holzer") is a United States ("U.S.") citizen and resident. He served as a sworn, accredited and qualified federal law enforcement officer with the U.S. government for almost eleven years and separated from federal service on August 16, 2019, after more than two years with Department of Homeland Security's ("DHS") Transportation Security Administration ("TSA"). Altogether, Mr. Holzer held a security clearance with the U.S. government for nearly twenty-five years.

4. Defendant TSA is an agency within the meaning of 5 U.S.C. § 702. TSA undertook actions related to Mr. Holzer that violated law, regulation and/or policy.

5. Defendant U.S. Defense Counterintelligence and Security Agency ("DCSA") is an agency within the meaning of 5 U.S.C. § 702. DCSA, through its employees who were originally serving with the U.S. Office of Personnel Management National Background Investigations Bureau ("NBIB") and subsequently transferred to DCSA auspices, undertook actions related to Mr. Holzer that violated law, regulation and/or policy.

6. Defendant DHS is an agency within the meaning of 5 U.S.C. § 702. DHS undertook actions related to Mr. Holzer that violated law, regulation and/or policy.

**FACTS**

7. In December 2018, Mr. Holzer began discussions with his TSA supervisor, Special Agent in Charge Williams ("SAIC Williams") about separating from federal service to spend more time with his family and focus on private sector employment. Given TSA's hiring constraints and

Deleted: 6

minimal staffing in TSA's Investigations Division, SAIC Williams asked Mr. Holzer to stay on for a longer period of time.

8. In January 2019, TSA initiated a standard, five-year reinvestigation of Mr. Holzer (which was his fifth background investigation and third such reinvestigation).

Deleted: 7

9. In June 2019, after many of the existing TSA hiring constraints were lifted, Mr. Holzer renewed the voluntary separation discussion with SAIC Williams and came to a mutually agreeable timetable that allowed for an orderly transition of case work over a period of more than six weeks.

Deleted: 8

10. In addition to providing advance notice to TSA of his planned voluntary separation, Mr. Holzer commented to officials on several occasions that, although he would participate in the process, he did not understand why TSA was continuing his re-investigation. On more than one occasion, Mr. Holzer specifically asked Special Agent Joseph Lopez ("Agent Lopez"), the NBIB agent assigned to conduct his background investigation, whether continuing the investigation would be a waste of resources considering his scheduled departure.

Deleted: 9

11. On August 8, 2019, Agent Lopez called Mr. Holzer to request a second interview. Mr. Holzer agreed but again noted he was leaving TSA. Mr. Holzer specifically told Agent Lopez that his supervisor, SAIC Williams, said, given Mr. Holzer's impending voluntary separation the following week, that it was more important to finish case work than to meet with Agent Lopez. On that same day, SAIC Williams told Mr. Holzer that TSA's Personnel Security Office ("TSA PerSec") confirmed Mr. Holzer's background investigation was cancelled causing SAIC Williams to reiterate his guidance that there was no need for Mr. Holzer to meet with Agent Lopez. As a result, Mr. Holzer cancelled the second interview with Agent Lopez.

Deleted: 0

12. On Mr. Holzer's last day of work, August 16, 2019, SAIC Williams noted in an e-mail that "[TSA] PerSec indicated they had noticed NBIB to close out his background as he was leaving."

**Deleted:** 1

13. Also on August 16, 2019, TSA Assistant Administrator for Investigations John Busch wrote an e-mail noting "…the employee [referring to Mr. Holzer] has announced his intent to resign a couple months ago, and he is out processing today," and "Holzer's decision to resign predates these investigations and [Mr. Holzer] has tried to cooperate with NBIB's BI [Background Investigations] process."

**Deleted:** 2

14. Yet e-mails from the week after Mr. Holzer separated reveal NBIB communicated with TSA PerSec Acting Section Chief Meochi Timberlake about the continued investigation of Mr. Holzer. In fact, on August 15, 2019, despite knowing about Mr. Holzer's impending voluntary separation, an NBIB agent e-mailed "I made contact with TSA PerSec and we have been <u>instructed to continue</u> with the investigation." (Emphasis added).

**Deleted:** 3

15. By letter dated August 16, 2019, which was Mr. Holzer's final day in the office, TSA notified him that, based on information compiled by NBIB, the agency had taken an action regarding his security clearance. Mr. Holzer was informed he had ten days to submit any information or documentation to address TSA's action.

**Deleted:** 4

16. TSA e-mails reveal that prior to TSA issuing the security clearance action, Mr. Holzer had already been separated from federal employment in TSA's personnel system. As a result, TSA PerSec Supervisory Personnel Security Specialist Ann Tursic intentionally and willfully had to reverse, or request a reversal of, Mr. Holzer's voluntary separation before she could issue the security clearance action and notification. Since Mr. Holzer was already separated from

**Deleted:** 5

federal service within TSA's system, this action should not have occurred as a matter of law or policy.

17. Upon receiving the TSA security clearance notification, Mr. Holzer requested that he be permitted to substantively respond and offered to withdraw his separation paperwork so that he could address the claims as a current employee. TSA inaccurately notified him that neither option was available and deliberately prevented Mr. Holzer from pursuing any procedural or substantive due process.

Deleted: 6

18. After Mr. Holzer left federal service, the Defendants lost jurisdiction to continue his background investigation. For reasons unknown, NBIB, with the apparent consent of TSA, conducted a multitude of activities, including interviewing Mr. Holzer, having discussions with individuals associated with Mr. Holzer's private sector employer, requesting documents from a variety of sources (to include his private employer from which there was no lawful authorization to do so other than the pretext of the background investigation), and handling internal agency work on the matter, all under the auspices of a continued re-investigation for an employee who was no longer employed.

Deleted: 7

19. Internal NBIB and TSA documents within Mr. Holzer's system of records reflect that the background investigation process continued into early 2020. As part of the unjustified investigation, Agent Lopez interacted with a supervisor at Mr. Holzer's private employer. He also requested voluminous documents from the private employer (regarding which no independent lawful authority otherwise existed to request or compel production). The verbal disclosures from a federal agent and the government's requests for documents created an atmosphere of heightened concern at that private employer regarding Mr. Holzer. These intentional and willful actions by Agent Lopez and unknown others negatively impacted Mr.

Deleted: 8

Holzer's private employment and caused an adverse effect, which ultimately and directly contributed to his leaving that employment before he otherwise would have done so. Additionally, upon information and belief, Agent Lopez and/or other NBIB investigators specifically revealed privacy protected information to Mr. Holzer's private employer without Mr. Holzer's written consent or other lawful authorization to do so.

20. Upon information and belief, the decision to continue Mr. Holzer's background investigation was willful and deliberate. Indeed, on September 19, 2019, one month after Mr. Holzer had separated from federal service, an e-mail reflects that a TSA attorney has "given us [NBIB] the thumbs up to proceed with the case."

21. The information and documents created and compiled after Mr. Holzer voluntary separated from TSA and federal employment, which should have caused a loss of jurisdiction for the continuation of his background investigation, are now inappropriately maintained within various Privacy Act systems of records pertaining to Mr. Holzer, to include his personnel security file, as well as other DHS, TSA and DCSA files.

22. By letter dated July 6, 2022, Mr. Holzer, through counsel, filed via a single e-mail his request to DHS, TSA and DCSA, pursuant to the Privacy Act of 1974, to expunge all records that are maintained in the Defendants' relevant Privacy Act Systems of Records that were compiled on or after August 16, 2019, which was the date upon which he separated from federal service. Beyond that date there was no lawful authority to create and store these records including within, but not limited to, *Personnel Background Investigation File System (DHS/TSA 004)*.

23. Receipt was acknowledged via e-mail on July 7, 2022, by DCSA. No further responses have been received.



**Deleted:** 19

**Deleted:** 0

**Deleted:** 1

**Deleted:** a

**Deleted:** . Any failure of the Defendants to comply with this request will be incorporated into the present litigation upon proper exhaustion of administrative remedies.Beyond that

24. No acknowledgment of receipt of Mr. Holzer's Privacy Act request was received from DHS, nor was there any indication of an e-mail kick-back or incorrect e-mail address.

25. By letter dated July 20, 2022, TSA responded that Mr. Holzer's "request to expunge background re-investigation records maintained by TSA is granted. I note that post-separation background re-investigation records are held within the DHS ISMS system accessed by TSA, but otherwise TSA does not maintain post-separation background re-investigation records in its systems."

26. Mr. Holzer's service of almost eleven years as a qualified law enforcement officer would normally render him eligible to receive certain benefits, including identification that complies with the Law Enforcement Officer's Safety Act ("LEOSA")(i.e., such as allowing him to lawfully carry a weapon throughout the country). In fact, TSA had already issued Mr. Holzer appropriate LEOSA credentials and sent them to SAIC Williams for presentation to Mr. Holzer on his last day of employment. But the last-minute and unanticipated action regarding Mr. Holzer's security clearance led TSA Investigations Deputy Director Darci Bobo to order SAIC Williams to return Mr. Holzer's LEOSA credentials to TSA and he lost out on that benefit. The TSA action also unconstitutionally and unlawfully deprived Mr. Holzer of the due process opportunity to respond to the claims lodged against him.

**COUNT ONE**
**(APA/DECLARATORY JUDGMENT/PRIVACY ACT)**
**(Failure to Maintain – 5 U.S.C. § 552a (e)(1))**

27. The Plaintiff repeats and realleges the allegations in paragraphs 7 through 26 above, inclusive.

28. Once an individual is no longer a federal employee, their agency can take no personnel action or administrative (disciplinary action) against them because of the "loss of jurisdiction."

Deleted: ¶
Deleted: 2
Deleted: 3
Deleted: 6
Deleted: 2
Deleted: 4

The same premise applies to security clearance background investigations. There is simply nothing to investigate. If the individual needs a clearance for another job or is reengaged in covered work, the gaining agency could put the individual through another investigation, but the old one cannot go on any longer for lack of any jurisdiction to do so.

29. Section (e)(1) of the Privacy Act of 1974, 5 U.S.C. § 552a, requires an agency to "maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President."

**Deleted:** 5

30. By continuing a background investigation past Mr. Holzer's voluntary separation from federal employment, the Defendants acted intentionally and willfully failed to maintain in their records only such information about Mr. Holzer as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by Executive Order of the President.

**Deleted:** 26

31. The information compiled by the Defendants is maintained within a Privacy Act system of records from which information is retrieved by Mr. Holzer's name, an identifying number, symbol, or other identifying particular assigned to Mr. Holzer.

**Deleted:** 27

32. The Defendants' actions were willful and intentional, and caused an adverse effect upon Mr. Holzer.

**Deleted:** 28

**COUNT TWO**
**(APA/DECLARATORY JUDGMENT/PRIVACY ACT)**
**(Failure to Collect - 5 U.S.C. § 552a (e)(2))**

33. The Plaintiff repeats and realleges the allegations in paragraphs 7 through 26 above, inclusive.

**Deleted:** 29
**Deleted:** 6
**Deleted:** 2

34. Once an individual is no longer a federal employee, their agency can take no personnel action or administrative (disciplinary action) against them because of the "loss of jurisdiction." The same premise applies to security clearance background investigations. There is simply nothing to investigate. If the individual needs a clearance for another job or is reengaged in covered work, the gaining agency could put the individual through another investigation, but the old one cannot go on any longer for lack of any jurisdiction to do so.

**Deleted:** 0

35. Section (e)(2) of the Privacy Act of 1974, 5 U.S.C. § 552a, requires agencies to "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs."

**Deleted:** 1

36. As part of the background re-investigation into Mr. Holzer, both prior to and subsequent to his voluntary separation from federal employment, the Defendants intentionally and willfully failed to collect information to the greatest extent practicable directly from Mr. Holzer and the information in question did or could result in adverse determinations about Mr. Holzer's rights, benefits, and privileges under federal programs.

**Deleted:** 2

37. The information compiled by the Defendants is maintained within a Privacy Act system of records from which information is retrieved by Mr. Holzer's name, an identifying number, symbol, or other identifying particular assigned to Mr. Holzer.

**Deleted:** 3

38. The Defendants' actions were willful and intentional, and caused an adverse effect upon Mr. Holzer.

**Deleted:** 4

**COUNT THREE**
**(APA/DECLARATORY JUDGMENT/PRIVACY ACT)**
**(Failure to Maintain – 5 U.S.C. § 552a (e)(5))**

39. The Plaintiff repeats and realleges the allegations in paragraphs 7 through 26 above, inclusive.

40. Once an individual is no longer a federal employee, their agency can take no personnel action or administrative (disciplinary action) against them because of the "loss of jurisdiction." The same premise applies to security clearance background investigations. There is simply nothing to investigate. If the individual needs a clearance for another job or is reengaged in covered work, the gaining agency could put the individual through another investigation, but the old one cannot go on any longer for lack of any jurisdiction to do so.

41. Section (e)(5) of the Privacy Act of 1974, 5 U.S.C. § 552a, requires agencies to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

42. By continuing a background investigation past Mr. Holzer's voluntary separation from federal employment, the Defendants acted intentionally and willfully failed to maintain all records about Mr. Holzer which were or will be used by the agency in making any determination about Mr. Holzer with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness in the determination.

43. The Defendants intentionally and willfully, based on information maintained within Mr. Holzer's system of records, improperly continued his background re-investigation. This action was a proximate cause to the compilation of additional records that violated the Privacy Act and aggrieved Mr. Holzer, as otherwise described throughout this First Amended Complaint and its

Deleted: 5
Deleted: 6
Deleted: 2
Deleted: 36
Deleted: 37
Deleted: 38
Deleted: 39

claims. This includes, but is not limited to, the TSA's denial of Mr. Holzer's LEOSA credentials that would have accorded him specific benefits and privileges not otherwise available. The information compiled by the Defendants that was relied upon is maintained within a Privacy Act system of records from which information is retrieved by Mr. Holzer's name, some identifying number, symbol, or other identifying particular assigned to Mr. Holzer.

44. The Defendants' actions were willful and intentional, and caused an adverse effect upon Mr. Holzer.

**COUNT FOUR**
**(APA/DECLARATORY JUDGMENT/PRIVACY ACT)**
**(Unauthorized Disclosure - 5 U.S.C. §§ 552a(b), (e)(6))**

45. The Plaintiff repeats and realleges the allegations in paragraphs 7 through 26 above, inclusive.

46. Once an individual is no longer a federal employee, their agency can take no personnel action or administrative (disciplinary action) against them because of the "loss of jurisdiction." The same premise applies to security clearance background investigations. There is simply nothing to investigate. If the individual needs a clearance for another job or is reengaged in covered work, the gaining agency could put the individual through another investigation, but the old one cannot go on any longer for lack of any jurisdiction to do so.

47. Section (e)(6) of the Privacy Act of 1974, 5 U.S.C. § 552a, requires agencies to, "prior to disseminating any record about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes."

48. By continuing a background investigation past Mr. Holzer's voluntary separation from federal employment, the Defendants, particularly through the actions of Agent Lopez and



Deleted: 0

Deleted: 1

Deleted: 6

Deleted: 2

Deleted: 2

Deleted: 3

Deleted: 4

unknown others, acted intentionally and willfully to improperly disclose information, without the written consent of Mr. Holzer or subject to any other exception, to unauthorized third parties, to include Mr. Holzer's private employer. This violated the provisions of the Privacy Act that governed disclosure of protected information as no exception, exemption or routine use existed to justify departure from statutory protection.

49. The information disclosed by the Defendants was/is maintained within a Privacy Act system of records from which information is retrieved by Mr. Holzer's name, some identifying number, symbol, or other identifying particular assigned to Mr. Holzer.

Deleted: 5

50. The Defendants' actions were willful and intentional, and caused an adverse effect upon Mr. Holzer.

Deleted: 46

**COUNT FIVE**
**(APA/DECLARATORY JUDGMENT/PRIVACY ACT)**
**(Failure to Amend/Expunge - 5 U.S.C. §§ 552a(d)(2)(3)**

51. The Plaintiff repeats and realleges the allegations contained in paragraphs 7 through 26 above, inclusive.

52. Pursuant to 5 U.S.C. § 552a(d)(2), Mr. Holzer was permitted to request amendment of a record pertaining to him and— (A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, the agencies must acknowledge in writing such receipt; and (B) promptly, either— (i) make any correction of any portion thereof which Mr. Holzer believes is not accurate, relevant, timely, or complete; or (ii) inform Mr. Holzer of the agency's refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agencies for Mr. Holzer to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official.

53. By letter dated July 6, 2022, Mr. Holzer, through counsel, filed via a single e-mail his request to DHS, TSA and DCSA, pursuant to the Privacy Act of 1974, to expunge all records

that are maintained in the Defendants' relevant Privacy Act Systems of Records that were compiled on or after August 16, 2019, which was the date upon which he separated from federal service. Beyond that date there was no lawful authority to create and store these records including within, but not limited to, *Personnel Background Investigation File System (DHS/TSA 004).*

54. Receipt was acknowledged via e-mail on July 7, 2022, by DCSA. No further responses have been received.

55. Despite being requested twice, no acknowledgment of receipt of Mr. Holzer's Privacy Act request was received from DHS, nor was there any indication of an e-mail kick-back or incorrect e-mail address.

56. By letter dated July 20, 2022, TSA responded that Mr. Holzer's "request to expunge background re-investigation records maintained by TSA is granted. I note that post-separation background re-investigation records are held within the DHS ISMS system accessed by TSA, but otherwise TSA does not maintain post-separation background re-investigation records in its systems."

57. Pursuant to 5 U.S.C. §§ 552a(g)(1)(A), (B), (C) and (D), Defendants DCSA and DHS are in violation of the Privacy Act for failing to timely render a determination under subsections (d)(2) and (d)(3) and therefore constructively refusing to comply with Mr. Holzer's request.

58. The Defendants DSCA and DHS' actions were willful and intentional, and caused an adverse effect upon Mr. Holzer.

**COUNT SIX**
**(APA/FIFTH AMENDMENT – DUE PROCESS)**

59. The Plaintiff repeats and realleges the allegations contained in paragraphs 7 through 26 above, inclusive.

60. By letter dated August 16, 2019, TSA notified Mr. Holzer that the agency had taken an action regarding his security clearance based on information compiled by NBIB. Mr. Holzer was informed he had ten days to submit any information or documentation to address TSA's action.

Deleted: FIVE

Deleted: 47

Deleted: 6

Deleted: 2

Deleted: 48

61. TSA e-mails reveal that prior to TSA issuing the security clearance action, Mr. Holzer had already been separated from federal employment in TSA's personnel system. As a result, TSA PerSec Supervisory Personnel Security Specialist Ann Tursic intentionally and willfully had to reverse, or request a reversal of, Mr. Holzer's voluntary separation before she could issue the security clearance action and notification. Since Mr. Holzer was already separated from federal service within TSA's system, this action should not have occurred as a matter of law or policy.

62. Once an individual is no longer a federal employee, their agency can take no personnel action or administrative (disciplinary action) against them because of the "loss of jurisdiction." The same premise applies to security clearance background investigations. There is simply nothing to investigate. If the individual needs a clearance for another job or is reengaged in covered work, the gaining agency could put the individual through another investigation, but the old one cannot go on any longer for lack of any jurisdiction to do so.

63. Defendant TSA cannot have it both ways. Either it (as well as the other Defendants) was not permitted to continue Mr. Holzer's background re-investigation or it was required to provide him with proper due process to challenge the TSA action initiated on August 16, 2019. Yet no opportunity was ever provided Mr. Holzer to pursue procedural or substantive due process and respond to the security clearance action taken by TSA, but his background re-investigation continued.

64. The actions taken by TSA improperly, unlawfully and unconstitutionally caused harm to Mr. Holzer.

65. TSA is not authorized to take actions whereby an individual can be denied liberty without due process of law required by the Fifth Amendment. Therefore, Mr. Holzer is entitled to a name-clearing hearing, or any similar procedural and substantive due process remedy that would permit the same result.

Deleted: 49

Deleted: s

Deleted: 50

Deleted: 51

Deleted: 52

Deleted: 53

WHEREFORE, Plaintiff Joshua Holzer prays that this Court:

(1) Declare that the Defendants violated the Privacy Act of 1974, Administrative Procedure Act and the Fifth Amendment to the U.S. Constitution;

(2) Declare that the Plaintiff substantially prevailed under the Privacy Act and award reasonable attorney's fees and other litigation costs;

(3) Orders the Defendants to award or provide the Plaintiff with any benefits or privileges to which he is entitled under law, including but not limited to "actual damages" in an amount no less than $1,000 as provided for by 5 U.S.C. § 552a(g)(4)(A);

(4) Orders the Defendants DCSA and DHS to expunge the appropriate records unlawfully created and maintained on or after August 16, 2019, as permitted by 5 U.S.C. § 552a(g)(2)(A) and award reasonable attorney's fees and other litigation costs;

(5) Hold unlawful and set aside Defendant TSA's security clearance action on August 16, 2019, as contrary to the Plaintiff's constitutional rights and/or in excess of the agency's statutory authority and/or order the Defendants to provide the Plaintiff with any entitled procedural and substantive due process allowed by law, to include but not limited to a name clearing or other appropriate hearing;

(6) Awards reasonable costs and attorney's fees as provided in 28 U.S.C. § 2412 (d) and any other applicable law, including but not limited to the Privacy Act, 5 U.S.C. § 552a(g);

(7) Expedites this action in every way pursuant to 28 U.S.C. § 1657 (a); and,

(8) Grants such other relief as the Court may deem just and proper.

Deleted: 2

Deleted: § 552a(g)(4)(A)

Deleted: 3

Deleted: Mr. Holzer's

Deleted: 5

Deleted: ;

Deleted: 6

Deleted: 7

Date: October 12, 2022

Deleted: July 8

Respectfully submitted,

/s/ *Mark S. Zaid*

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff