# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOLZER, *Plaintiff,* v. TRANSPORATION SECURITY ADMINISTRATION *et al.,* *Defendants*. | Civil Action No. 21-2149 (ACR) |

## CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(c), Defendants respectfully request entry of the attached Stipulated Protective Order to govern the disclosure of a document to Plaintiff in connection with the terms of a proposed settlement agreement that the parties are close to finalizing, subject to Plaintiff's counsel having an opportunity to preview the document in question.

## ARGUMENT

Plaintiff has filed this lawsuit alleging, among other things, a violation of the Privacy Act of 1974, 5 U.S.C. § 552a, in connection with the reinvestigation of his security clearance. Defendants Transportation Security Administration ("TSA"), the U.S. Defense Counterintelligence and Security Agency ("DCSA") and the Department of Homeland Security ("DHS") deny the allegations against them.

The parties are attempting to resolve this lawsuit and are near finalizing the terms of a proposed settlement agreement that, among other things, will provide for the production by DCSA of an Advanced Notification Summary ("ANS") from August 2019

pertaining to Plaintiff, with redactions of certain law enforcement sensitive information as determined by DCSA (hereinafter, the "redacted ANS"). An Advanced Notification Summary is a document that relates to the subject's suitability, security clearance access and/or fitness for duty and contains law enforcement sensitive information regarding such assessments, as well as Privacy Act protected information regarding the subject.

DCSA asserts the ANS pertaining to Plaintiff contains, even with the intended redactions, information protected by the Privacy Act and/or that otherwise constitutes law enforcement sensitive information deserving of protection from public disclosure. Accordingly, under the terms of the proposed settlement, the redacted ANS would be produced to Plaintiff's undersigned counsel, Mark Zaid and/or Bradley Moss (hereinafter, "Plaintiff's counsel") only under a Protective Order restricting their use, and Plaintiff's use of the document. Moreover, before entering into the settlement, Plaintiff's counsel has requested the opportunity to preview the redacted ANS, which DCSA is willing to do provided a Protective Order is first entered. Accordingly, to facilitate the parties' attempt to settle this matter and, in the event the settlement is consummated, to govern the production of the redacted ANS to Plaintiff and his counsel, Defendant's request, with Plaintiff's consent, that the Court enter the accompanying Stipulated Protective Order.

Rule 26(c) permits a party to move for a protective order to, among other things, require that confidential information be revealed only in a specific way. *See* Fed. R. Civ. P. 26(c)(1)(G). Entry of a protective order allows the government to produce to plaintiff information without running afoul of the Privacy Act, and to designate that information as "PROTECTED" to restrict its further use or disclosure. *See generally Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) ("the applicability of the Privacy Act to

the materials requested is a relevant factor for the District Court to consider in determining the appropriate scope and manner of discovery in a given case. As we have noted in the past, such traditional devices as protective orders . . . offer reliable means with which to give effect to liberal discovery principles without threatening the interests protected by statutory publication bans").

Moreover, Plaintiff had previously requested the ANS through the Freedom of Information Act ("FOIA") and DCSA withheld that document in full under certain claimed FOIA exemptions.  DCSA's willingness to permit Plaintiff's counsel to have a preview of the redacted ANS and to produce the redacted ANS to Plaintiff if the settlement agreement is consummated is without waiver of its position that the entire document is subject to withholding under FOIA.  The entry of a Protective Order, precluding further dissemination of a document, is a means by which a document otherwise subject to withholding under FOIA can be provided to an opposing party in litigation without amounting to a public disclosure. *See Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999).

The Protective Order, which has been agreed to by the parties, sets forth the procedures to be followed by the parties to govern Plaintiff's use of the redacted ANS. Pursuant to Local Civil Rule 7(m) and Rule 26(c), undersigned counsel certifies that he has conferred with counsel for Plaintiff regarding the relief requested in this motion and that counsel for Plaintiff has consented to the relief requested in this motion.  Accordingly, with Plaintiff's consent, Defendants request that the attached Stipulated Protective Order be entered as an order of the Court.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*