UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA HOLZER,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>TRANSPORATION SECURITY<br>ADMINISTRATION *et al.,*<br><br>　　　　　　*Defendants*. | Civil Action No. 21-2149 (ACR) |

## STIPULATED PROTECTIVE ORDER

Plaintiff has filed this lawsuit alleging, among other things, a violation of the Privacy Act of 1974, 5 U.S.C. § 552a, in connection with the reinvestigation of his security clearance. Defendants Transportation Security Administration ("TSA"), the U.S. Defense Counterintelligence and Security Agency ("DCSA") and the Department of Homeland Security ("DHS") deny the allegations against them. The parties are attempting to resolve this lawsuit and one term of the proposed settlement involves the production of a DCSA Advanced Notification Summary ("ANS") pertaining to Plaintiff, with redactions of certain law enforcement sensitive information as determined by DCSA (hereinafter, the "redacted ANS"), which Plaintiff has requested in discovery and which DCSA asserts contains, even with the intended redactions, information protected by the Privacy Act and/or that otherwise constitutes law enforcement sensitive information deserving of protection. Under the terms of the proposed settlement, the redacted ANS would be produced to Plaintiff's undersigned counsel, Mark Zaid and/or Bradley Moss (hereinafter, "Plaintiff's counsel") only under a Protective Order restricting their use, and Plaintiff's use of the document. To permit Plaintiff and Plaintiff's counsel to have access to the

redacted ANS (totaling six pages), and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. DCSA, and counsel for Defendants, are hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to disclose and/or produce the redacted ANS to Plaintiff's counsel, and to designate that document as "PROTECTED" hereunder for purposes of restricting Plaintiff's and Plaintiff's counsel's use of the document by stamping the term "PROTECTED" on the document at the time of its disclosure and/or production to Plaintiff's counsel.

2. The redacted ANS, to the extent disclosed and/or produced by DCSA to Plaintiff's counsel and designated as PROTECTED under this Order, shall be used by Plaintiff's counsel only for purposes of this litigation, including as part of those background investigation and security clearance procedures set forth in the proposed settlement agreement, and shall not be given, shown, made available, discussed, or otherwise communicated in any form by Plaintiff's counsel to anyone other than (i) Plaintiff; (ii) counsel for the Defendants and support staff in the United States Attorney's office, agency counsel, and other employees of the United States government who have a need to know the protected information for the defense, prosecution or settlement of this case; (iii) the Court and its Clerk and other support personnel, and/or (iv) the Defendants and the U.S. Citizenship & Immigration Services, to the extent it is part of any background and investigation or security clearance process.  Other than as permitted above, neither Plaintiff, nor Plaintiff's counsel, shall make copies of the redacted ANS or otherwise create any document that seeks to copy directly from the redacted ANS, except that Plaintiff's counsel can make one copy of the redacted ANS for archival purposes as set forth in paragraph 3 below.

3. The redacted ANS, labeled as PROTECTED under this Protective Order and to the extent produced to Plaintiff's counsel, shall be returned by Plaintiff's counsel to DCSA or destroyed at the conclusion of this litigation (including any and all appeals); provided, however, that one copy may be retained by Plaintiff's counsel for archival purposes. The restrictions with respect to the redacted ANS in this Protective Order apply to Plaintiff and Plaintiff's counsel. Nothing contained in this paragraph, or otherwise in this Protective Order, shall restrict the government's use of its records, including the ANS (whether redacted or unredacted), for official business or for other purposes consistent with other applicable laws and regulations.

4. In the event any party determines that it is necessary to file the redacted ANS with the Court, it shall be filed only as an attachment to a motion for leave to file under seal and not on the public record unless otherwise ordered by the Court.

5. Counsel for a party, as applicable, shall promptly report any alleged breach of the provisions of this Protective Order to the Court and the party who produced the redacted ANS or protected information therein that was improperly divulged or compromised. Upon discovery of any breach, the party responsible for any breach shall immediately take appropriate action to cure the violation and retrieve the redacted ANS and/or any confidential information therein that may have been disclosed to persons not covered by this Protective Order. The breaching parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this Order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6. By disclosing or producing the redacted ANS to Plaintiff's counsel, Defendants do not waive any privileges, objections, or protections otherwise afforded to them by law or equity.

7. Nothing contained herein shall be deemed to require the release or disclosure of the information redacted from the ANS prior to its disclosure and/or production to Plaintiff's counsel, or of any other information that Defendants believe requires additional protections from disclosure than provided by this Protective Order, or that Defendants believe are not subject to disclosure on the basis of privilege. Nor does this Protective Order preclude the Defendants from making any objection to the disclosure of such information as may be permitted by the Federal Rules of Civil Procedure.

8. This Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information, including the redacted ANS.

9. This Protective Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. DCSA may terminate any specific part or parts of the restrictions imposed on Plaintiff and Plaintiff's counsel by this Protective Order with respect to the redacted ANS that it may produce and designate as PROTECTED under this Protective Order, by letter to Plaintiff's counsel.

Dated: December 6, 2023                    Respectfully submitted,

                                            MATTHEW M. GRAVES, D.C. Bar #481052
*/s/ Mark S. Zaid*                          United States Attorney
Mark S. Zaid, Esq.
D.C. Bar #440532                            BRIAN P. HUDAK
Bradley P. Moss, Esq.                       Chief, Civil Division
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W.                 By: */s/ Jeremy S. Simon*
Suite 700                                      JEREMY S. SIMON, D.C. Bar #447956
Washington, D.C. 20036                         Assistant United States Attorney
(202) 498-0011                                 601 D Street, NW
Mark@MarkZaid.com                              Washington, DC 20530
                                               (202) 252-2528
*Counsel for Plaintiff*                        Jeremy.Simon@usdoj.gov

                                            *Attorneys for the United States of America*


It is so ORDERED by the Court this _____ day of December, 2023.



                                            _____
                                            United States District Judge